UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:04 CR 548 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| GILBERT MENDEZ, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Gilbert Mendez's second Motion for Compassionate Release in this case. (ECF # 70). Captioned as a Motion under 404(b) of the First Step Act of 2018 and U.S.S.G. for 2023, the motion seeks Compassionate Release pursuant to 18 U.S.C. §3582 (c)(1)(A). (ECF #70). The Government filed a Response in Opposition to the Motion. (ECF #73). No Reply was filed. Mr. Gilbert filed his previous motion for Compassionate Release in August of 2022, and it was denied in October of that same year. (ECF # 68, 69).

Mr. Gilbert served his original sentence in this case. While on supervised release he plead guilty to five counts of conspiracy and drug distribution in case number 1:15 CR 68. He was sentenced to 192 month sentence in that case. The conviction in 1:15 CR 68 was a violation of his supervised release conditions in this case. He was sentenced to 24 months on the violation, to be served consecutively to his 192 months sentence in the 1:15 CR 68. Since being re-sentenced on the supervised release violation, Mr.Mendez has sought compassionate release in

this case twice, including the instant motion. (ECF #68). He also sought compassionate release two times in the 1:15 CR 68 case. (ECF #247, 253, 260). All prior motions were denied. (ECF #69 in 1:04 CR 548; ECF #255, 272 in 1:15 CR 68).

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B). The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).

The exhaustion requirement is "mandatory" if invoked by the government and is not subject to any "judge-made exceptions." *Alam*, 960 F.3d at 834. There are no equitable exceptions "to account for irreparable harm or futility." *Id.* at 835-36; *USA v. Minor*, Case No. 20-3467, at 3 (6th Cir. March 2, 2021). In this case, the government has invoked the jurisdictional restriction, pointing out that Mr. Mendez has not shown that he exhausted his administrative remedies prior to filing the instant motion. Mr. Mendez states that he filed a request with the Warden, but does not indicate when that request was made or whether the request invoked the same grounds for relief as were raised in the instant motion.

The Government has provided records showing that the only request Mr. Mendez made to the Warden was made four years ago, prior to his previous motion for compassionate release. There is no evidence that would suggest any additional request was presented to the Warden after Mr. Mendez' last motion for compassionate release was denied. There is also no evidence that Mr. Mendez ever sent a request to the Warden that includes the new grounds he argues in support of his current motion for relief. Therefore, the Warden has not had an opportunity to make a determination as to whether relief may be warranted based on the new facts and circumstances Mr. Mendez argues support his early release. In order to satisfy the exhaustion requirement, a request made to the Warden must be renewed before each subsequent motion for compassionate release. The exhaustion requirement is only satisfied if the defendant's motion to the court is premised on the same grounds that were presented to the Warden during the administrative process. *See generally, United States v. Williams*, 987 F.3d 700 (7th Cir). Mr. Mendez has not shown that he exhausted his administrative remedies for this second motion for compassionate release by first presenting his most recent request and the supporting grounds for relief to the Warden at his institution. Therefore, he is not eligible for relief under the compassionate release provisions of 18 U.S.C. §3582(c)(1)(A). His motion for relief is, therefore, DISMISSED. (ECF #70). IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATE: January 31, 2025